United States District Court

For the Northern District of California

1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   SHOP IRONWORKERS LOCAL 790              No. 13-2275 C MMC
     PENSION TRUST, et al.,
11                                           **ORDER GRANTING IN PART AND
                  Plaintiffs,                DENYING IN PART MOTION FOR
12        v.                                 DEFAULT JUDGMENT**

13   ABS MANUFACTURERS, INC.,

14                  Defendant.
                                        ___/
15   _____

16        Before the Court is plaintiffs' Motion for Default Judgment, filed November 1, 2013.

17   No opposition has been filed.  The matter came on regularly for hearing on December 13,

18   2013.[1]  Erica Russell of Saltzman and Johnson Law Corporation appeared on behalf of

19   plaintiffs.  Defendant did not appear.  The Court, having considered the papers filed in

20   support of the motion, as well as the argument of counsel, hereby rules as follows.

21                                  **LEGAL STANDARD**

22        After entry of a default, a court may grant a default judgment on the merits of the

23   case.  See Fed. R. Civ. P. 55(b)(2).  "The district court's decision whether to enter a default

24   judgment is a discretionary one."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

25   Upon entry of default, "the factual allegations of the complaint, except those relating to the

26   amount of damages, will be taken as true."  See Televideo Sys., Inc. v. Heidenthal, 826

27

28        _____

          [1] Thereafter, on December 20, 2013, plaintiffs, with leave of court, filed a
     supplemental declaration in support of their motion.

1  F.2d 915, 917–18 (9th Cir. 1987).  "A default judgment must not differ in kind from, or
2  exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

3                                              **DISCUSSION**

4      **A.      Claim Based on Period Alleged in Complaint**

5          Plaintiffs allege defendant has failed to pay contributions corresponding to "hours
6  worked by its employees during the months of February 2011 through November 2012";
7  they additionally allege that "[l]iquidated damages and interest have been incurred and are
8  owing for the unpaid contributions owed for this period."  (See Compl. ¶ 15.)  Defendant's
9  default having been entered by the Clerk on July 1, 2013, defendant has admitted it owes
10 plaintiffs contributions corresponding to work performed in February 2011 through
11 November 2012, as well as liquidated damages and interest thereon.

12         For that period, plaintiffs have offered evidence sufficient to establish defendant's
13 failure to report and pay contributions in the amount of $66,273.90.  (See Russell Decl. Ex.
14 D at 11 (Trust Agreement § III.A) (stating "amount due from Employer for the report period
15 for which the Employer has failed to file shall be deemed to be not less than the amount
16 due pursuant to the most recent complete report filed by the Employer covering an
17 equivalent period of time"); Soriano Decl. Ex. B (Employer's Report of Contribution,
18 November 2009); id. Ex. C (showing break-down of contributions by month)).  Additionally,
19 plaintiffs have offered sufficient evidence to establish, for that same period, liquidated
20 damages in the amount of $13,254.78 (see Russell Decl. Ex. D at 8 (Trust Agreement
21 § III.C(2)) (providing for liquidated damages of "20% of the delinquent contributions as of
22 the date of delinquency"); Soriano Decl. Ex. C (showing break-down of liquidated damages
23 by month), as well as prejudgment interest in the amount of $9296.42 (see Russell Decl.
24 Ex. D at 9 (Trust Agreement § III.C(3)) (providing for interest on delinquent contributions);
25 Soriano Decl. Ex. C (showing break-down of interest by month)).

26         Accordingly, plaintiffs will be awarded contributions in the amount of $66,273.90,
27 liquidated damages in the amount of $13,254.78, and prejudgment interest in the amount

28

                                                    2

$9296.42, which amounts correspond to the period alleged in the complaint, February 2011 through November 2012.

### B.    Claims Based on Additional Periods

#### 1.    Months Following Period Alleged in Complaint

Plaintiffs' Motion for Default Judgment further seeks an award of contributions in the amount of $27,112.05, liquidated damages in the amount of $5,422.41, and prejudgment interest in the amount of $959.29, which amounts correspond to work performed from December 2012 through August 2013.  The complaint does not include an allegation that defendant owes contributions for any period subsequent to November 2012, and, consequently, defendant has not admitted owing contributions for any period subsequent to November 2012.

As noted, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  In some instances, however, plaintiffs have been allowed to recover damages where the defendant was provided sufficient notice as to the amount sought other than in the complaint.  See, e.g., Board of Trustees v. Tim Kruse Constr., Inc., 2013 WL 5487368 at *3 (N.D. Cal. Oct. 2, 2013) (finding sufficient notice provided as to post-complaint amounts where complaint sought "actual damages" as well as order requiring defendant to pay additional liquidated damages and interest through trial, and, further, requested court retain jurisdiction to enforce order compelling audit and "payment of all amounts found due and owing"); Trustee of the St. Paul Elec. Constr. Indus. Fringe Benefits Fund v. Martens Elec. Co., 485 F. Supp. 2d 1063 (D. Minn. 2007) (finding defendant had "ample notice" and, consequently, plaintiff was entitled to award for post-complaint delinquent contributions where, in addition to complaint, defendant was served with motion for default judgment and subsequent briefing in support of post-complaint delinquencies).

Here, as plaintiffs point out, their complaint alleges they are "entitled to recover any and all additional contributions and all liquidated damages and interest thereon, or any

3

other late or unpaid contributions found due on timecards, audit, or that otherwise become

due through the time of Judgment" (see Compl. ¶ 16); additionally, in their prayer, plaintiffs

sought "[a]ll unpaid contributions due . . . for hours worked as specified above and

thereafter through the time of judgment," "[l]iquidated damages on the aforementioned

unpaid contributions," and "[i]nterest on the aforementioned unpaid contributions," as well

as "[a]udit compliance as may be requested" and a court order retaining jurisdiction

"pending compliance with [the court's] orders" (see Compl. at 5:15-6:8).  Further, as in

Martens, defendant was served with the instant motion and supplemental filings in support

thereof.  Under such circumstances, the Court finds defendant was on notice it could be

held liable for amounts owed for the period subsequent to the period alleged in the

complaint.

Accordingly, plaintiffs will be awarded additional contributions in the amount of

$27,112.05, liquidated damages in the amount of $5422.41, and prejudgment interest in the

amount $959.29.

### 2.     Months Preceding Period Alleged in Complaint

In addition to the above-described amounts, plaintiffs' Motion for Default Judgment

seeks an award of contributions in the amount of $42,174.30, liquidated damages in the

amount of $8434.86, and prejudgment interest in the amount of $11,004.15, which

amounts correspond to work performed from December 2009 through January 2011.[2]  The

complaint does not include an allegation that defendant owes contributions for any period

prior to February 2011, and, consequently, defendant has not admitted owing contributions

for any period prior to February 2011.

As noted above, the complaint includes an allegation of entitlement to and prayer for

"any" and "[a]ll unpaid contributions."  (See Compl. ¶ 16; Compl. at 5:15-17; 5:26-28.)  In

---

[2] In their Supplemental Declaration, plaintiffs increased by $219.02 the total amount of interest requested for the above-referenced three periods of time.  (See Supp. Russell Decl. ¶ 5.)  Plaintiffs provide no explanation, however, as to how they arrived at the new figure, nor do they offer any evidence in support thereof.

4

1  this instance, however, in contrast to the language in the complaint notifying defendant of

2  plaintiffs' claim for amounts attributable to defendant's continued failure to meet its

3  obligations, there is nothing in the complaint to suggest plaintiffs were unable or otherwise

4  failed to calculate the total amount owed for the period preceding the filing of their

5  complaint, let alone that they had omitted an amount of the magnitude claimed here.

6  Under such circumstances, the Court finds defendant was not on notice from the complaint

7  that it could be held liable for amounts owed for the period prior to the period alleged in the

8  complaint.  See, e.g, Tragni v. Souther Elec. Inc., 2009 WL 3052635 (N.D. Cal. Sept. 22,

9  2009) (denying motion for default judgment to extent plaintiff sought contributions for period

10  preceding that described in complaint; noting plaintiff had not amended "despite having

11  ample opportunity to do so" and that defendant "might understandably have decided to

12  appear and defend [the] suit" had it known "fifteen months" of additional damages "were at

13  stake").

14       At the hearing, the Court afforded plaintiffs the opportunity to file a supplemental

15  declaration to address whether defendant was otherwise put on notice as to additional

16  amounts sought for the months December 2009 through January 2011.  In a supplemental

17  declaration, plaintiffs' counsel states: "I am informed by Plaintiffs' Trust Funds'

18  administrator that Defendant contacted the administrator's office in approximately the

19  middle part of 2010 to discuss a payment plan for delinquent contributions owed for hours

20  worked during 2009, but that Defendant failed to follow through."  (Russell Suppl. Decl.

21  ¶ 2.)  Aside from any deficiencies based on hearsay, counsel's statement only relates a

22  discussion as to delinquent contributions owed for hours worked "during 2009."  (See id.)

23  Moreover, that discussion reportedly occurred in "the middle part of 2010," with no

24  reference to any delinquencies for that year to date, nor could it have covered any months

25  thereafter.  Further, as to 2009, there is no showing that the delinquent contributions under

26  discussion encompassed the month of December.

27       Accordingly, the Court finds defendant would be "unduly prejudiced," see Tragni,

28

5

2009 WL 3052635 at *3, by the entry of a default judgment incorporating amounts owed for any period preceding the period alleged in the complaint.

**B.     Attorney's Fees and Costs**

Plaintiffs' seek an award of $5729.50 in attorney's fees for work performed prior to October 17, 2013, $5530.50 in attorney's fees incurred for work performed from October 18, 2013 to December 19, 2013, and $517.04 in costs incurred by plaintiffs to file and prosecute the instant action.  (See Russell Decl. ¶¶ 17–19; Supplemental Russel Decl. ¶ 4; see also Russell Decl. Ex. D at 11 (Trust Agreement § III.E) (providing for reimbursement to Trust of reasonable attorney's fees, court costs, and expenses incurred in connection with civil action to collect delinquent contributions).)  The Court finds the claimed fees and costs are reasonable, and, accordingly, those amounts will be awarded.[3]

**C.     Post-Judgment Interest**

With regard to the amount awarded for delinquent contributions, plaintiffs seek post-judgment interest at a rate of eight percent per annum, which request will be granted. (See id. (Trust Agreement § III.C(3)) (providing "[d]elinquent contributions shall accrue interest from the Due Date until paid at . . . such . . . reasonable rate as the Joint Board may from time to time establish")); Russell Decl. ¶ 9 (declaring board "has set the current interest rate at 8% per annum on delinquent contributions")); see also Central States, Southeast and Southwest Areas Pension Fund v. Bomar Nat'l, Inc., 253 F.3d 1011, 1020 (7th Cir.2001) (holding "[i]t is well established that parties can agree to [post-judgment] interest rate other than the standard one contained in 28 U.S.C. § 1961").

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for default judgment is hereby GRANTED in part and DENIED in part, as follows:

---

[3] At the hearing, plaintiffs were afforded leave to supplement their claim to include fees and costs attributable to the filing and service of the instant motion and counsel's preparation for and attendance at the hearing.  In their supplemental declaration, plaintiffs have exceeded the scope of the leave they were given.  Nevertheless, the award includes those additional requested amounts.

1.  Plaintiffs shall have judgment against defendant in the total amount of $134,095.89, such amount comprising delinquent contributions in the amount of $93,385.95, liquidated damages in the amount of $18,677.19, prejudgment interest in the amount of $10,255.71, attorney's fees in the amount of $11,260.00, and costs in the amount of $517.04.

2.  The portion of the judgment representing delinquent contributions shall bear interest at the rate of eight percent per annum, and in all other respects the judgment shall bear interest at the statutory rate.

**IT IS SO ORDERED.**

Dated: February 21, 2014

_____
MAXINE M. CHESNEY
United States District Judge

7